**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MARIANO RAIMUNDO DE LA LUZ**,

*Petitioner*,

v. Case No. 2:26-cv-3253-BCL-tmp

**FIELD OFFICE DIRECTOR, et al.**,

*Respondents*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Mariano Raimundo De La Luz has filed a Petition for Writ of Habeas by which he seeks immediate release or a new bond hearing. Doc. 2 at 8. Petitioner also filed an Emergency Temporary Restraining Order. Doc. 4. Petitioner presents two claims: (1) that there was insufficient evidence to justify the immigration judges who earlier denied bond in concluding Petitioner presented a danger to the community; and (2) that the Due Process Clause requires that the Government bear the burden of proving that a detained alien should not receive bond. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 6. Petitioner did not reply. For the reasons that follow, the Petition is **DENIED**.

First, the Court lacks jurisdiction to adjudicate Plaintiff's first claim, which asserts that the immigration judge lacked sufficient evidence to deem him a danger to the community. Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial

of bond or parole." Petitioner has offered no reason for the Court to disregard that plain statutory language.

Second, Petitioner has failed to exhaust his administrative remedies. Respondent notes that Petitioner has already received two bond hearings, both of which resulted in denial of bond. Doc. 8 at 4-6. By his own admission, Petitioner has not sought review from the Board of Immigration Appeals, meaning he seeks to bypass an important part of the administrative process. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings. *See Aguilar v. Bullock*, No. 2:26-CV-02563-BCL-CGC, 2026 WL 1987574, at *2 (W.D. Tenn. June 24, 2026) ("[T]he doctrine of prudential exhaustion bars review because Plaintiff could, but has not, appealed the Immigration Judge's decision to the Board of Immigration Appeals.")

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch.*

*Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must exhaust his remedies before seeking judicial relief in this Court.

Petitioner makes two cursory arguments to the contrary. In one, Petitioner asserts that exhaustion does not apply because his bond hearings were constitutionally deficient. Whatever the merit of the rule excluding some constitutional arguments from the need (even prudential) for exhaustion, it does not extend to situations—like this one—where the alleged constitutional error is apparently an issue that the BIA could correct (as opposed to, say, a facial challenge to the very statutes administered by the BIA). *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("[T]he alien must raise correctable procedural errors to the BIA."). Particularly in a case like this one where the petitioner also makes a sufficiency of the evidence argument, to hold otherwise would both undermine exhaustion doctrine (and the separation of powers it protects) and contravene the basic principle that sub-constitutional issues should be resolved before constitutional ones (which likewise serves in part to protect the separation of powers by leaving room for the political branches to act). *New York v. Class*, 475 U.S. 106, 110 (1986); *see Ashwander v. TVA*, 297 U.S. 288, 346–347 (1936) (Brandeis, J., concurring). In the other argument, Petitioner simply asserts that continued detention would constitute irreparable harm—a rule which would excuse the exhaustion requirement in every matter involving an alien's detention—an extreme result that would effectively dispense with administrative bond hearings, making Article III courts the destination of first resort for bond hearings and in the process undercutting Section 1226(e)'s limitation on federal court jurisdiction. The Court will not impose that nonsensical result absent authority compelling it.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**. Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.

**IT IS SO ORDERED**, this 9th day of October, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE